STATE'S TREASURER *vs.* PIERCE et al.

The statute authorizing Justices of the Peace to commit or bind over for trial, does not require a return of the original recognizance to be made to the Court before which the accused is bound to appear; but *a return of a copy* is sufficient.

*Windham,*
May,
1824.

THIS was an action of debt on recognizance.

*S. Elliot*, State's Attorney, for the plaintiff.

*Bradley* and *Kellogg* for the defendants.

The statement of the case will clearly appear from the opinion of the Court, delivered by,

SKINNER Ch. J. From the declaration it appears that complaint having been made against Loten Pierce, the principal, for the crime of passing counterfeit bank notes, he was duly held before Justice Smith upon a warrant issued on that occasion, and

Windham,
May,
1824.

Treasurer
vs.
Pierce.

was by that magistrate, according to the provisions of the statute, bound over to be tried by the Supreme Court, at the then next September term, 1823, at which term, copies of the Justice's records and proceedings, and of the bond of recognizance having been returned, an indictment was by the Grand Jury found and returned against him, who on being duly called, failed to appear, and the bail neglected to produce the principal in Court—that copies of the records and proceedings of the said Justice, and also the bond of recognizance are ready here in Court to be shown.

The special cause of demurrer upon which the defendants rely is, that it does not appear by the declaration that the bond of recognizance is of record in the Supreme Court. The words of the declaration are, " As by true copies of the records and. proceedings of the said Benjamin Smith, Esq. Justice of the Peace as aforesaid, at his said Justice Court, holden as aforesaid, for the examination of the said Loten Pierce as aforesaid, and duly attested by the said Benjamin Smith, Esq. Justice of the Peace as aforesaid, and also the bond of recognizance of said Loten Pierce, Ezekiel Pierce, and Ezekiel Pierce, Jr. taken and acknowledged before the said Benjamin Smith, Esq. Justice as aforesaid, now ready in this Hon. Supreme Court to be shown."

From this language it would appear that the original bond of recognizance, that is the *record* thereof made by the Justice, was in this Court, *at the time of declaring*; and if so, the declaration is correct in this particular, admitting the statute required the return of the original. The reference to the record by the *prout patet per recordum* is well made.

It is further insisted in argument, that there is a substantial defect in another part of the declaration, in this, " that it appears that *copies* of the recognizance, taken before the Justice, were returned to the Supreme Court, called out and adjudged forfeit, whereas it should appear that the original recognizance was returned, called out, and adjudged forfeit before suit brought."

By statute, in England, as also in many of the States, the original examination and recognizance are required to be returned. In this State, the Legislature have not authorized the examination of the accused, nor is the magistrate directed in relation to the return. The uniform practice was for many years to return certified copies, and this appears to have been approved by the Court.

The statute referred to by the defendant's counsel, directing a *Judge* who takes a recognizance of a person imprisoned for a bailable offence, to return the same, is explicit. But the statute authorizing Justices of the Peace to commit or bind over for trial, does not require any return to be made to the Court before which the accused is to appear. If the practice under the statute had been to send the original into this Court, and to have declared upon it as a record here, it would perhaps have been more correct and convenient. More verity is certainly attached to the original, than to a copy; and the costs of copies would be avoided. But as no decision is stated or known to have been made, opposed to what is believed to have been the practice ever since the statute was passed, the judgment must be that

The declaration is sufficient